BOARD OF POLICE COMMISSIONERS OF THE CITY OF
NEW HAVEN ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(12628)

BOARD OF FIRE COMMISSIONERS OF THE CITY OF
NEW HAVEN ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(12629)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 8—decision released April 22, 1986

*Constance L. Chambers,* assistant general counsel, with whom was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant in both cases).

*Robert S. Reger,* with whom, on the brief, were *Charles G. Albom,* corporation counsel, and *Carolyn W. Kone,* assistant corporation counsel, for the appellees (plaintiffs in each case).

PER CURIAM. The dispositive issue on these appeals is whether the defendant freedom of information commission (hereinafter the commission) complied with mandatory statutory requirements governing commission action. Acting upon complaints filed by two New Haven reporters, the defendant commission determined that the plaintiff New Haven board of fire commission-

ers and the plaintiff New Haven board of police commissioners had violated General Statutes § 1-18a (e) (1)[1] by voting on personnel matters in executive session. Consequently the defendant commission ordered the plaintiffs to act in strict compliance with the requirements of the statute and to limit activity in executive session to discussion only. The plaintiffs' appeals from these orders were sustained by the trial court, and the defendant commission has appealed to this court.

These appeals are entirely governed by our recent decision in *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 503 A.2d 1161 (1986). There, as here, the defendant commission failed to comply with the requirements of General Statutes § 1-21i (b) that it *"shall,* within twenty days after receipt of the notice of appeal, hear such appeal . . . and *shall* decide the appeal within thirty days after such hearing . . . ." (Emphasis added.) We held, in *Zoning Board of Appeals* v. *Freedom of Information Commission,* supra, 505, that these time requirements are mandatory, and for that reason found no error in the judgment of the trial court sustaining the plaintiff's

---

[1] General Statutes § 1-18a (e) (1) provides: " 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting; (2) strategy and negotiations with respect to pending claims and litigation to which the public agency or a member thereof, because of his conduct as a member of such agency, is a party until such litigation or claim has been finally adjudicated or otherwise settled; (3) matters concerning security strategy or the deployment of security personnel, or devices affecting public security; (4) discussion of the selection of a site or the lease, sale or purchase of real estate by a political subdivision of the state when publicity regarding such site, lease, sale, purchase or construction would cause a likelihood of increased price until such time as all of the property has been acquired or all proceedings or transactions concerning same have been terminated or abandoned; and (5) discussion of any matter which would result in the disclosure of public records or the information contained therein described in subsection (b) of section 1-19."

appeal. The defendant commission has suggested no legal ground for distinction between that case and these appeals.

There is no error.